IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 5:18CV1891 |
| Plaintiff, | ) |
| | ) JUDGE SARA LIOI |
| v. | ) |
| | ) |
| MICHAEL P. TRICASO, D.O., | ) CONSENT JUDGMENT AND |
| | ) PERMANENT INJUNCTION |
| Defendant. | ) |

Plaintiff, the United States of America, has filed a Complaint for Permanent Injunction and Civil Penalties ("Complaint") under the Controlled Substances Act, 21 U.S.C. §§ 801-971 against Defendant Michael P. Tricaso, D.O. Defendant has filed an Answer denying the allegations in the Complaint. Plaintiff and Defendant stipulate to the entry of this Consent Judgment and Permanent Injunction ("Order") to resolve the matters in dispute specified in Counts I and III of the Complaint in this action, with the following terms and provisions. In addition, the Parties stipulate that Count II of the Complaint seeking civil penalties may be dismissed without prejudice as to the United States.

NOW, THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, except as provided in Paragraphs 1-4, and with the consent of the Parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 21 U.S.C. §§ 843(f), and 882(a) and 28 U.S.C. § 1345. For purposes of this Order, Defendant consents to this Court's jurisdiction over this Order and over Defendant.

2. Venue is proper in this District under 21 U.S.C. § 843(f)(2) and 28 U.S.C. § 1391(b). For purposes of this Order, Defendant consents to venue in this judicial district.

3. For purposes of this Order, Defendant agrees that, as to Counts I and III, the Complaint states claims upon which relief can be granted pursuant to the Controlled Substances Act, 21 U.S.C. § 882(a), as to Count I and 21 U.S.C. §§ 843(f) and 882(a) as to Count III. The Complaint alleges that:

    A. Count I: On specified dates, the Defendant knowingly or intentionally distributed and dispensed controlled substances without a legitimate medical purpose and outside the usual course of professional practice in violation of 21 U.S.C. §§ 841(a)(1) and 882(a), and 21 C.F.R. § 1306.04.

    B. Count III: The Defendant issued unlawful prescriptions for controlled substances as set forth in Count II without a legitimate medical purpose and outside the usual course of professional practice in violation of §§ 829(a)-(b), and 842(a)(1), and 21 C.F.R. § 1306.04.

4. The Parties recognize, and the Court by entry of this Order finds, that this Order has been negotiated by the Parties and that this Order is fair, reasonable, and in the public interest.

5. Upon entry of this Order, Defendant is hereby permanently restrained and enjoined under 21 U.S.C. § 843(f) and 882(a) from directly or indirectly, administering, dispensing (including by prescribing), or distributing any controlled substance. For purposes of this Order, the terms "administer," "controlled substance," "dispense," and "distribute" are defined as set forth in 21 U.S.C. § 802.

6. Defendant also agrees to the following:

   A. Defendant shall never apply for, or seek the renewal or reinstatement of, a registration pursuant to the Controlled Substances Act or the regulations promulgated thereunder.

   B. Defendant shall never apply for, or seek the renewal or reinstatement of, a license or certificate to practice osteopathic medicine and surgery anywhere in the United States.

7. Defendant's obligations pursuant to this Order shall be in addition to, and not in derogation of, all requirements imposed upon Defendant pursuant to all applicable federal, state, and local laws, including without limitation the requirements set forth in Title 21 of the United States Code and the regulations promulgated thereunder.

8. This Order resolves only those claims set forth in Counts I and III of the Complaint in this action, and does not affect any other civil, criminal, or administrative claims that the United States may have or bring against the Defendant.

9. In any criminal prosecution or administrative action that may be brought by the United States against Defendant relating to the conduct alleged in Counts I and III of the Complaint, Defendant waives and shall not assert any defense based in whole or in part on a contention that such prosecution or action is barred under the Double Jeopardy Clause in the Fifth Amendment

of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution.

10. Should Plaintiff bring, and prevail in, a contempt action to enforce the terms of this Order, Defendant shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees and costs, travel expenses incurred by attorneys and witnesses, and court costs relating to such contempt proceedings.

11. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Order.

12. Defendant represents that he freely and voluntarily enters into this Order without any degree of duress or compulsion.

13. The undersigned counsel represent and warrant that they are fully authorized to execute this Order on behalf of the persons and entities indicated below.

14. This Order states the complete understanding and agreement of the parties as to Counts I and III of the Complaint and shall be interpreted by the Court within its four corners, without consideration of any alleged collateral agreements. Any changes or modifications to the Order must be in writing and signed by all parties and entered by the Court.

15. This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

16. By agreement of the Parties, Count II of the Complaint seeking civil penalties is dismissed without prejudice as to the Plaintiff United States of America.

SO ORDERED, this ___ day of _____, 2018.

_____
SARA LIOI
UNITED STATES DISTRICT JUDGE

FOR THE PLAINTIFF UNITED STATES
OF AMERICA

JUSTIN E. HERDMAN
United States Attorney

Dated: 10/25/18

_____
Patricia M. Fitzgerald (PA: 30873)
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3779
(216) 522-2404 (facsimile)
Patricia.Fitzgerald2@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General
United States Department of Justice
Civil Division

Dated: 10/24/18

_____
Jill Furman
Deputy Director
David A. Frank (DC: 433338)
Trial Attorney
U.S. Department of Justice
Civil Division
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 307-0061
(202) 514-8742 (facsimile)
David.Frank@usdoj.gov

5

FOR THE DEFENDANT MICHAEL P. TRICASO, D.O.

Dated: 10/23/18

_____
Michael P. Tricaso, D.O.
Defendant

Dated: 10/23/18

_____
Andrew J. Wides (0091633)
The Pecchio Law Firm Co., L.P.A.
1653 Merriman Road, Suite 203
Akron, Ohio 44313
(330) 963-6600
(330) 935-4599 (facsimile)
awides@pecchiolawfirm.com
Attorney for Defendant

6